```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CAROL A. GRIEB, et al.            :         CIVIL ACTION
                                  :
          v.                      :
                                  :
JNP FOODS, INC. d/b/a             :
PIZZA HUT, INC.                   :         NO. 15-1575
```

MEMORANDUM

Bartle, J.                                              May 13, 2016

        Plaintiffs Carol A. Grieb ("Grieb") and Tammy A. Reynolds ("Reynolds") brought this action against their former employer JNP Foods, LLC, which they erroneously identified in the complaint as JNP Foods, Inc. The plaintiffs worked at one of its Pizza Hut restaurants. They allege violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq.[1]

        Before the court is the motion of defendant JNP Foods, LLC ("JNP Foods") to vacate the default and the default judgments entered against JNP Foods, Inc. after a hearing to assess damages. Among other things, JNP Foods argues that the default and the default judgments are void because service of process was not proper.

---

1. The plaintiffs have filed a motion seeking to correct a misnomer in the judgments by changing the name of the defendant from JNP Foods, Inc. to JNP Foods, LLC. In addition, the plaintiffs have moved for leave to conduct discovery before seeking leave to file a sur-reply to the motion of JNP Foods to vacate the default judgments.

I.

The plaintiffs filed this action in March 2015. According to the proof of service filed on the docket, a process server attempted to deliver the summons and complaint to JNP Foods on April 28, 2015. She was unable to find 210 East Street Road in Feasterville, Pennsylvania, the address stated on the summons. This is the location of the office and principal place of business for JNP Foods. She instead went to a nearby Pizza Hut located at 60 East Street Road in Feasterville. Once inside the Pizza Hut, she found a man dressed in khakis sitting in a booth with paperwork in front of him.[2] She asked to speak with the manager. The man in khakis retrieved a man named Gregory, who reviewed the complaint and allegedly said "This is Ok."[3]

---

2. The plaintiffs attached a sworn statement from the process server to their brief filed in support of their motion to conduct further discovery. There, the process sever stated that the man in khakis "was of apparent Indian/Middle Eastern descent," "older than 60," and "working on what appeared to be a company ledger."

The Controller of JNP Foods, Krupa Patel, submitted a declaration stating that Jay Pandya, the principal owner of JNP Foods, is thirty-nine years old and that no officer or senior executive is older than forty. Moreover, Krupa Patel, a forty-year old woman, is responsible for the company's books.

3. In full, the notation on the proof of service form states:

> On 4/28/15 @ +/- 3:40 p.m. I walked into the Pizza Hut at 60 E. Street Rd., Feasterville, PA (unable to locate a property @ 210 E. Street Rd). A man dressed in khakis at booth with paperwork asked if he could help

In June 2015, at the request of the plaintiffs, the Clerk of Court entered a default under Rule 55(a) of the Federal Rules of Civil Procedure because JNP Foods had failed to plead or otherwise defend. In December 2015, upon motion by the plaintiffs, the court held a hearing to assess damages. The defendant did not appear. On December 23, 2015, we awarded $103,119.92 to Grieb and $93,420.82 to Reynolds and entered judgments against JNP Foods, Inc in these amounts.

Counsel for JNP Foods finally entered an appearance on February 26, 2016 and filed a motion on March 11, 2016 to vacate the entry of default and the default judgments. In its motion, as noted above, JNP Foods argues that the default and the default judgments are void because of improper service.

JNP Foods attached declarations by Jay Pandya ("Pandya"), the principal owner of JNP Foods, and Krupa Patel ("Patel"), the Controller of JNP Foods, to its motion to vacate. According to these declarations, JNP Foods owns and operates twenty-three restaurants, including the Morgantown, Pennsylvania Pizza Hut where Grieb and Reynolds worked. However, the 60 East Street Road Pizza Hut restaurant where service was attempted is owned and operated by Ronak Foods, LLC ("Ronak Foods"). Pandya

---

me. I asked for the manager; he walked to employee area. Gregory came out, reviewed Complaint and said "This is Ok." Khaki man refused name.

is also the principal owner of Ronak Foods. Pandya's declaration stated that "Ronak Foods, LLC employed a store manager named 'Gregory' at the 60 E. St. Restaurant in April 2015."[4] According to Pandya, Gregory did not inform Pandya or any other JNP Foods managerial employee about any service of process in April 2015.

The plaintiffs filed a responsive brief and a supplemental responsive brief in opposition to the motion. These briefs note the absence of a declaration or affidavit by Gregory and argue that service of process was proper.

JNP Foods attached a declaration of Gregory Wadja ("Wadja") to its reply brief. There, Wadja states that in April 2015 he "was employed by Ronak Foods, LLC at a Pizza Hut-brand restaurant located at 60 East Street Road, Feasterville, Pennsylvania 19053, in the position of Store Manager." Wadja has no recollection of receiving legal papers related to this lawsuit or of telling a process server that he was authorized to accept service of legal papers. As such, he says that he did not provide any legal papers to any owner, officer, or manager of Ronak Foods or JNP Foods.

---

4. JNP Foods did not provide any further information about Gregory.

II.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." <u>See</u> Fed. R. Civ. P. 55(c). Under Rule 60(b)(4), a court may set aside a default judgment that is void.[5] "[A] default judgment entered when there has been no proper service of [the] complaint is, <u>a fortiori</u>, void, and should be set aside." <u>United States v. One Toshiba Color Television</u>, 213 F.3d 147, 156 (3d Cir. 2000) (quoting <u>Gold Kist, Inc. v. Laurinburg Oil Co., Inc.</u>, 756 F.2d 14, 19 (3d Cir. 1985)). Proper service, of course, is necessary to establish personal jurisdiction over a party. <u>See</u> <u>Lampe v. Xouth, Inc.</u>, 952 F.2d 697, 700-01 (3d Cir. 1991). We need not perform any balancing test in assessing a Rule 60(b)(4) motion. <u>See</u> <u>Arpaio v. Dupre</u>, 527 F. App'x 108, 111 (3d Cir. 2013) (citing <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 258 (3d Cir. 2008)). If the district court lacks personal jurisdiction over a defendant because of invalid service, the judgment is per se void.

The plaintiffs acknowledge that when sufficiency of service of process is challenged, the party asserting the

---

5.  In its motion to vacate the default judgments, JNP Foods erroneously cites Rule 60(b)(3) in arguing that the default judgments are void based on ineffective service. In its reply brief, it explains that it intended to cite Rule 60(b)(4).

validity of service bears the burden of proving by a preponderance of the evidence that service was effective. See Grand Entm't. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)); State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008). "To meet this burden, '[f]actual contentions regarding the manner in which service was executed may be made through affidavits, depositions, and oral testimony.'" See State Farm, 543 F. Supp. 2d at 428 (quoting Villanova v. Solow, 1998 WL 643686, at *1 (E.D. Pa. Sept. 18, 1998)).

### III.

Under Rule 4(h)(1)(A) and (B) of the Federal Rules of Civil Procedure, service on a corporation, partnership, or other unincorporated association may be effected either: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual" which entails "following state law for serving a summons . . . in the state where the district court is located or where service is made;" or "(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." See Fed. R. Civ. P. 4(h)(1); 4(e)(1).

We begin with the procedure for serving a corporate entity set forth in Rule 4(h)(1)(B). We find that the

-6-

plaintiffs did not deliver a copy of the summons and complaint to an officer, managing or general agent, or any other authorized agent of JNP Foods.  <u>See</u> Fed. R. Civ. P. 4(h)(1)(B).  Wadja, on whom the papers were served, was an employee of Ronak Foods and not of JNP Foods.[6]  There is no evidence that Wadja was an officer or agent of JNP Foods.

   Under Rules 4(h)(1)(A) and 4(e)(1), service also may be made in accordance with state law.  Rule 424 of the Pennsylvania Rules of Civil Procedure provides:

> [s]ervice of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons
>
> . . .
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity . . . .[7]

<u>See</u> Pa. R. Civ. P. 424.

---

6.  We will assume for the purposes of deciding the pending motions that the process server encountered Gregory Wadja at 60 East Street Road because it makes no difference to the outcome of these motions.

7.  Similar to Rule 424, Rule 402(a) of the Pennsylvania Rules of Civil Procedure provides that service of process on an individual defendant may be accomplished "by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the <u>person for the time being in charge</u> thereof."  <u>See</u> Pa. R. Civ. P. 402(a)(2)(iii) (emphasis added).  The Pennsylvania Supreme Court interprets the language in Rule 402 the same as that in Rule 424.  <u>See</u> <u>Cintas Corp. v. Lee's Cleaning Servs., Inc.</u>, 700 A.2d 915, 919-20 (Pa. 1997) (citing <u>Grand Entm't Grp.</u>, 988 F.2d at 486).

The Pennsylvania Supreme Court has stated that Rule 424 requires that service be made on the person for the time being in charge of the defendant's regular place of business in order "to satisfy the due process requirement that a defendant be given adequate notice that litigation has commenced." See Cintas Corp. v. Lee's Cleaning Servs., Inc., 700 A.2d 915, 919-20 (Pa. 1997).  As our Court of Appeals has stated, "[t]he propriety of service under Pennsylvania law commonly depends upon the relationship between the person receiving process and the party to the litigation."  See Grand Entm't Grp., 988 F.2d at 485.  A person for the time being in charge "must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service."  See id. at 486 (emphasis added).  The Court of Appeals explained that for a process server to find that an individual is authorized to accept service, there must be "a representation that the individual served had actual authority or a direct or claimed relationship with the party to the suit from which authority could be inferred."  See id. at 485.

Here, it is undisputed that the principal place of business of JNP Foods is located at 210 East Street Road in

Feasterville, Pennsylvania.[8] However, the process server did not deliver process to that address. Instead, she went to the nearest Pizza Hut at 60 East Street Road and delivered the summons and complaint to Wadja, the person who identified himself as the manager of that location.[9] The 60 East Street Road Pizza Hut was not owned by JNP Foods but was owned by a separate corporate entity, Ronak Foods.

Wadja was not a "person for the time being in charge of any regular place of business or activity" of JNP Foods. See Pa. R. Civ. P. 424. Thus, he did not have a "direct connection to the party to be served." See Grand Entm't Grp., 988 F.2d at 486. Wadja worked in a Pizza Hut owned only by Ronak Foods, which was not named as a defendant. Service on him was not "reasonably calculated to give the defendant notice of the action against it." See Cintas, 700 A.2d at 920. The process server could not have reasonably believed that Wadja was

---

8. While the plaintiffs previously proffered that the corporate office at 210 East Street Road did not exist, they now seek to rely on return receipts received by receptionists for JNP Foods at that address. The plaintiffs claim that these signed return receipts prove that JNP Foods was aware of this action and culpable in failing to participate in it. This contention is irrelevant because as explained herein JNP Foods was never properly served. See GE Med. Sys. Info. Techs., Inc. v. Ansar, Inc., 2004 WL 2988513, at *3 (E.D. Pa. Dec. 23, 2004).

9. This restaurant is not affiliated with the underlying action. The plaintiffs alleged that they were subjected to discrimination by employees of JNP Foods at a Pizza Hut restaurant in Morgantown, Pennsylvania owned by JNP Foods.

authorized to receive service on behalf of JNP Foods. The process server happened upon the 60 East Street Road Pizza Hut restaurant only after being unable to locate JNP Foods at the address at which she was supposed to serve the complaint and summons. Nowhere in her sworn statement or executed summons does she state that she had asked Wadja or anyone else at the 60 East Street Road Pizza Hut if it was owned by or in any other way affiliated with JNP Foods at 210 East Street Road. Nonetheless, she handed the summons and complaint to the manager of that restaurant at what she knew was the wrong address.

The plaintiffs argue that the process server could reasonably conclude that Wadja was authorized to accept service because the 60 East Street Road Pizza Hut is owned by a corporation principally owned by the same person who owns JNP Foods. We disagree. In Fisher v. Kemble Park, Inc., 142 A.2d 353 (Pa. Super. Ct. 1958), the Pennsylvania Superior Court held that service was ineffective on a janitor at a building owned by the defendant but which did not house the defendant's office or principal place of business. See id. at 409-10. Here, not only was Wadja not an employee of JNP Foods, he was not even served at a restaurant owned by JNP Foods. Again, we find that the process server could not have reasonably believed that Wadja was authorized to accept service on behalf of

-10-

JNP Foods, given that she knowingly delivered the papers at what she knew to be the wrong location.

Our holding is consistent with the holding in Grand Entertainment Group. There, the defendant maintained an office in a building occupied by multiple tenants. See Grand Entm't Grp., 988 F.2d at 480, 484-85. The building employed a receptionist to receive visitors, messages, and correspondence on behalf of the building tenants. Our Court of Appeals held that the receptionist could not accept service of process on behalf of the defendant because she was not employed by the defendant even though she worked at the building that housed the defendant's place of business. See Grand Entm't Grp., 988 F.2d at 485-86; Cintas, 700 A.2d at 919-20. The Court explained: "[t]he purpose behind the Pennsylvania rule on service is to provide notice that litigation has commenced. . . . [w]e are unwilling to say that service on a building receptionist with no employment ties to the defendant satisfies this purpose." See Grand Entm't Grp., 988 F.2d at 486.

Here, the process server admits that she did not know who owned the 60 East Street Road Pizza Hut when she handed the papers to Wadja. Wadja never told the process server that he was authorized to accept service on behalf of JNP Foods and the process server never asked. Instead, Wadja simply stated "This is Ok" upon being handed the summons and complaint by the

-11-

process server.[10]  The process server had no reason to believe that Wadja, who was not employed by JNP Foods and never represented that he had any relationship to that entity, was authorized to accept service on behalf of JNP Foods.

The plaintiffs cite State Farm, which held that service was effective on a school teacher at a location containing offices for three defendants.  See State Farm, 543 F. Supp. 2d at 429-30.  State Farm is distinguishable from the case presently before the court on several grounds.  In State Farm, unlike in the present case, the plaintiffs submitted affidavits stating that the person accepting service represented that she was authorized to do so.  See id. at 429.  Further, unlike in our case, process in State Farm was served at the place where the defendants maintained offices and the person who was served was employed by at least one defendant.  See id.

The plaintiffs next claim that service was proper because "whether Gregory was employed by Rohan [sic] or JNP, he was a Pizza Hut Store Manager."  This argument lacks merit.  JNP Foods, not Pizza Hut, was named as a defendant in this action.  The plaintiffs cannot simply hand the summons and

---

10. We note that counsel for the plaintiffs had previously contacted Patel by email in November 2014 concerning the related administrative action.  Yet, counsel made no attempt to contact Patel or to locate 210 East Street Road after learning that the process server had delivered the summons and complaint to the wrong address.

complaint to a manager at a Pizza Hut restaurant owned, managed, and staffed by a separate corporate entity.  See Commonwealth v. Good Times Sales Co., 423 A.2d 451, 453 (Pa. Commw. Ct. 1980).

Service on Ronak Foods does not amount to service on JNP Foods.  Although "[s]ervice on a parent corporation may be sufficient as to its subsidiary (and vice versa), provided that one corporation acts as an agent for the other," service on one is insufficient to qualify as service on the other when they are "completely separate entities."  See James WM. Moore, et al., Moore's Federal Practice ¶ 4.53[2][c]; Akzona, Inc. v. E.I. Du Pont De Nemours & Co., 607 F. Supp. 227, 237 (D. Del. 1984). The plaintiffs, who have the burden of proof, have not shown that Ronak Foods and JNP Foods are parent and subsidiary of one another such that one acts as the agent of the other.[11]  A

---

[11]. The plaintiffs seek discovery but not on this issue.  The plaintiffs have submitted a list of questions that they would explore if provided an opportunity to conduct discovery.  The requested discovery is irrelevant to issues germane to our decision.  Discovery concerning those present at 60 East Street Road on the day of the attempted service of process is irrelevant because, as explained herein, 60 East Street Road is not the place of business of JNP Foods.  Likewise, because Wadja is an employee of Ronak Foods, he could not accept service on behalf of JNP Foods and his knowledge about the events that took place on April 28, 2015 or the corporate structure of Ronak Foods or JNP Foods is irrelevant.  Finally, Wadja already stated by declaration that he did not recall service of process.  Even if he did, service was not proper because the process server did not hand the papers to a JNP officer, manager, or authorized agent.  See Defillipis v. Del Fin. Servs., 2014 WL 3921371, at *3 (M.D. Pa. Aug. 11, 2014) (citing Alloway v. Wain-Roy Corp., 52 F.R.D. 203, 205 (E.D. Pa. 1971)).

declaration by Pandya states that Ronak Foods and JNP Foods are separate corporate entities.  Wadja was not a high-level executive officer of any of these companies, but was a store manager employed only by Ronak Foods.

Our Court of Appeals does not favor default judgments.  It "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"  See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)).  This is not a close case.  Even if it were, we would reach the same result.

Accordingly, we will grant the motion of JNP Foods, LLC to vacate the entry of default and the default judgments.  We will allow the plaintiffs thirty days from the date of the accompanying order to serve process on JNP Foods, LLC.  See Fed. R. Civ. P. 4(m).  We will deny as moot the motion of the plaintiffs to correct a misnomer in the judgments.  We will deny the motion of the plaintiffs for leave to conduct discovery precedent to seeking leave from the court to file a sur-reply.